# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**

**VERSUS**

**ARON WINTER MOSQUERA-CASTRO**

**CRIMINAL ACTION**

**NO. 17-13-JWD-RLB-4**

## <u>ORDER</u>

On December 17, 2020, this matter was set for trial for April 26, 2021. (Doc. 758.)  As of the March 18, 2021, pretrial conference, the matter was scheduled to proceed to trial as planned. (Doc. 767.)

On April 12, 2021, Defendant filed his *Motion in Limine to Exclude Expert Witness Testimony* (Doc. 783) ("*Defendant's MIL*").  In that motion, Defendant sought to exclude a Government witness Commander Jenkins on the grounds that the Government did not timely provide expert disclosures.  (Doc. 783-1 at 2–3.)

On April 15, 2021, a status conference was held in this matter. (Doc. 784.)  There, the Court and parties discussed, *inter alia*, *Defendant's MIL*. (*Id.* at 1–2.)  Counsel for Defendant advised that it was unlikely that Defendant would want a continuance to seek an expert to rebut the Government's expert. (*Id.* at 2.)  If allowed, counsel would address this matter in a *Daubert* hearing, outside the presence of the jury, during trial. (*Id.*) Additionally, the Court allowed the Government to file a memorandum of law regarding the need to engage in a colloquy with the Defendant about his guideline range or any plea offers from the Government, with the appropriate questions for the Court and legal authority to engage in such colloquy, one week prior to trial. (*Id.* at 2–3.)  Defendant was to respond two days thereafter. (*Id.* at 2–3.)

JURY

On April 19, 2021, the Court ordered the parties to file written status reports advising the Court of the status of this motion. (Doc. 786.)  The text entry order provides:

> Specifically, the status reports should address whether the parties have resolved the issues raised in [*Defendant's MIL*] (Doc. 783). If they have not, the parties should state whether the Government has disclosed the substance of the expert's testimony to the Defendant. If it has, the Government should then disclose that information to the Court, and the Defendant should state whether he maintains his objection and on what grounds.

(Doc. 786.)

On April 21, 2021, the status reports were filed. (Docs. 791–92.) The Government advised that it provided these disclosures to Defendant with the summary of its expert's testimony. (Doc. 791.)  However, Defendant alleges in his status report that the summary provided of Commander Jenkins' testimony is inadequate, that Jenkins is not qualified to be an expert witness, and that Defendant challenges Jenkins' methodology. (Doc. 790.)

On April 22, 2021, another status conference was held. (Doc. 801.)  Counsel for Defendant moved for the Court to prohibit Commander Jenkins from testifying as an expert. (*Id.* at 1.) The Court advised counsel for Defendant to find out from Defendant and report back to the Court by 12:00 p.m. on Friday, April 23, 2021, if Defendant would like a continuance of the trial to have time to investigate the issues relating to Commander Jenkins. (*Id.*)  The Court found that a *Daubert* hearing on *Defendant's MIL* would be held.  The Court also ordered the Government to provide Defendant and the Court with the names of the cases, if any, in which Commander Jenkins previously testified as an expert. (*Id.*)

Further, the Court stated that it would conduct a *Lafler*/*Frye* hearing prior to start of trial to determine whether defense counsel relayed to Defendant the offer made by the Government and to identify the terms of the offer, with the Government present. (*Id.* at 1–2.)  The Court ordered

the Government to provide the Court the exact questions to be asked of Defendant during this hearing and to supplement his brief to include updated information. (*Id.*)

On April 22, 2021, defense counsel filed a notice in the record indicating that he had met with his client in Ascension Parish prison. (Doc. 796.) Defense counsel indicated that Defendant would not agree to a continuance of the trial date to allow his attorney to have time to investigate the issues relating to Commander Jenkin's testimony. (*Id.*)

On April 23, 2021, the Government filed a *Supplement to Brief in Support of Lafler Hearing* in which it detailed the history of plea negotiations with Defendant. (Doc. 798.)

On the same day, in his second status report, Defendant noted that he has not been provided any documents relating to the settlement of the lawsuit mentioned in the pretrial conference. (Doc. 800.) Defendant believes that the Government has a duty to disclose under *Brady*. (*Id.*) Defendant also advised the Court that the above "information is vital to the cross examination of Commander Jenkins at the upcoming *Daubert* hearing." (*Id.*)

On April 23, 2021, the Friday before trial, the Government notified Defendant and the Court via email of one of one of the cases in which Commander Jenkins testified. However, as of this Order, it has not identified the other case where Commander Jenkins testified as an expert witness. It is important to note that counsel for the Government has appeared to have been diligent in searching for this information; he has reached out to all members of his office as well as to other Assistant United States Attorneys in other districts that were formerly in this district.

Additionally, as of the date of this order, the parties also have not provided the Court with a copy of the expert summary which is allegedly insufficient. Consequently, the Court cannot make a determination as to whether the summary is deficient as Defendant alleges.

In sum, as detailed above, several issues remain unresolved on the eve of trial.  To rule on *Defendant's MIL*, the Court must obtain more information and conduct a *Daubert* hearing. Further, the Court must engage in a *Lafler/Frye* colloquy with Defendant.

Accordingly,

**IT IS ORDERED** that the April 26, 2021, trial date is **CONTINUED.**

**IT IS FURTHER ORDERED** that the Court finds, considering the factors enumerated in 18 U.S.C. § 3161(h)(7)(B), that the ends of justice served by such continuance outweigh the best interest of the public and the defendant in a speedy trial to ensure that counsel for the United States and the Defendant have adequate time to effectively prepare for trial.  Based on the unresolved issues highlighted above, including those arising from *Defendant's MIL*, failure to grant such a continuance would likely result in a miscarriage of justice. *See United States v. Shulick*, No. 18-3305, 2021 WL 1377804, at *3–5 (3d Cir. Apr. 13, 2021) (finding that the trial court properly remedied the government's admitted discovery violation by continuing the trial to avoid prejudicing the defense); *United States v. Espinosa*, 2017 WL 4998015, at *4 (D.S.D. Oct. 31, 2017) (finding "ends of justice" continuance justified for several reasons: the defendant's motion to suppress raised complicated factual and legal issues; the case involves complex firearm and drug conspiracy allegations connecting multiple defendants with significant quantities of methamphetamine; and it would have been a miscarriage of justice for the court not to extend the case based on the suppression motion.); *United States v. Cianciola*, 920 F.2d 1295, 1300 (6th Cir. 1990) (holding that the district court properly granted a continuance when the Government inadvertently failed to timely provide discovery, as "the interests of justice in allowing defense counsel more time to prepare for trial outweighed the need for a speedy trial"). *See also United States v. Henry*, 698 F.2d 1172, 1174 (11th Cir. 1983) (district court did not abuse its discretion in

finding delay excludable, where the Government failed to fully comply with all discovery orders, as "a trial judge must be given broad discretion in attempting to comply with the mandates of the Speedy Trial Act and the exclusions thereto"); *United States v. Huff*, 246 F. Supp. 2d 721, 726-27 (W.D. Ky. 2003) ("[I]t would be unfair to classify the United States' omission as a lack of preparedness especially where the Court found that the United States acted negligently, not in bad faith or as part of a pattern of chronic discovery abuse."); *United States v. Jain*, No. 19-cr-59, 2020 WL 6047812, at *11 (S.D.N.Y. Oct. 13, 2020) (collecting additional cases).

**IT IS FURTHER ORDERED**, pursuant to 18 U.S.C. § 3161(h)(7)(A), that the period of delay resulting from the continuance be and hereby is deemed excludable in computing the time within which the trial must be commenced.

**IT IS FURTHER ORDERED** that a *Daubert* hearing on *Defendant's MIL* and a *Lafler/Frye* hearing is set for Tuesday, April 27, 2021, at 9:00 a.m. in Courtroom 1.

**IT IS FURTHER ORDERED** that the five-day jury trial in this matter is hereby reassigned for Monday, June 7, 2021, at 9:30 a.m. in Courtroom 1 before District Judge John W. deGravelles.   A status conference, with counsel and the Defendant, will be held in courtroom 1 at 9:00 a.m. on the June 7, 2021, to address any remaining pretrial matters.   The Court notes that this is the earliest trial date available to this Defendant.   Following the COVID-19 pandemic, trials were permitted to resume pursuant to this district's April 15, 2021, *Amended Administrative Order* No. 2021-2 "within the sound discretion of the presiding Judge," but this *Order* is limited by a district-wide rule which allows only one jury trial to be held at a time at the courthouse due to COVID-19 protocols.

Signed in Baton Rouge, Louisiana, on <u>April 26, 2021</u>.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**